IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KAREN MOSLEY                                                                    PLAINTIFF

v.                                       4:25-cv-00721-JM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                                 DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge James M. Moody Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Karen Mosley, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because she could perform some of her past work and other jobs existed in significant numbers she could perform despite her impairments.  (Tr. 17-26.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff was fifty years old at the time of the administrative hearing.  (Tr. 39.)  She earned her GEG, (Tr. 40), and has past relevant work as a manager trainee, retail salesclerk and machine presser.  (Tr. 64.)

The ALJ[1] found Ms. Mosley meets the insured status requirements of the Social Security Act through December 31, 2026.  (Tr. 19.)  She has not engaged in substantial gainful activity since her alleged onset date of March 12, 2021.  (*Id*.)  She has "severe" impairments in the form

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

of "lumbosacral spondylosis and sciatica; thoracic spondylosis; cervical spondylosis; obesity; bilateral patellofemoral disorder; status-post ileostomy reversal with resection and side to side anastomosis." (*Id*.)  The ALJ further found Ms. Mosley did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 21.)

The ALJ determined Ms. Mosley had the residual functional capacity (RFC) to perform a slightly reduced range of light work.  (Tr. 21.)  Given his RFC finding, the ALJ determined Ms. Mosley could perform her past work as a management trainee and clerk.  (Tr. 24-25.)  The ALJ also utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 63-68.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of housekeeping and ticketer.  (Tr. 25.)  Accordingly, the ALJ determined Ms. Mosley was not disabled.  (Tr. 26.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 1.)

In support of her Complaint, Plaintiff argues, "The ALJ failed to assess the RFC in a function-by-function manner or explain how the record supported a light RFC, which implied Mosley had no limitation in standing or walking." (Doc. No. 4 at 8.)  She says, *inter alia*:

> Mosley suffered from admittedly severe impairments of lumbosacral spondylosis with sciatica, thoracic spondylosis, cervical spondylosis, and bilateral patellofemoral disorder, which were all complicated by severe obesity. (Tr. at 19). She testified that the pain in her back and legs limited her to standing for about 15 to 20 minutes at a time. (Tr. at 51). The ALJ, however, found Mosley could perform light work without addressing Mosley's ability to stand and/or walk. (Tr. at 21). The ALJ's RFC is deficient because the ALJ failed to assess it in a function-by-function manner or explain how the record supported finding that Mosley had no

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

> limitation in her ability to stand or walk. Had the ALJ properly assessed Mosley's ability to stand and walk in the workplace, he would have found her capable of no more than sedentary work, necessitating a finding of disability under the Medical-Vocational Guidelines. Because the ALJ failed to properly assess the RFC, this Court should remand Mosley's claim.

(*Id.* at 8.)

I disagree with Plaintiff's argument that the ALJ's RFC included no limitation on standing or walking. In formulating Plaintiff's RFC, the ALJ assessed that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)." (Tr. 21.) Light work is defined as:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it *requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls*. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR 404.1567(b)(emphasis added).

Based on the very definition of light work, these jobs would require "a good deal of walking or standing" or "sitting most of the time." And the ALJ found Plaintiff's objective claims of limitation in the ability to sit or stand to be "not consistent" with the objective evidence. Specifically, the ALJ said:

> The medical record shows the claimant treated with medication, including use of Gabapentin and muscle relaxers, which the claimant reported provided some pain relief (Exhibit 26F/4). With treatment, she denied radicular pain, which is consistent with objective findings showing no apparent distress, normal gait, grossly normal muscle tone and normal muscle strength (Exhibit 26F/8). Due to her improvement with treatment, in the summer of 2023, the claimant's provider noted her low back pain was stable (Exhibit 26F/8). These objective findings are not consistent with the claimant's testimony of limited ability to sit or stand due to constant pain, nor are her allegations of consistent with the medical record showing improvement with conservative treatment, as there is no evidence of increased

intensity or frequency in her treatment, which one would expect if the claimant's symptoms were worsening.

(Tr. 23.)

Additionally, the ALJ found the state agency doctors' opinions to be persuasive. (Tr. 24.) In doing so, it can reasonably be said that the ALJ adopted their conclusions that Plaintiff could stand, walk, and sit about 6 hours in an 8-hour workday. (Tr. 75, 84.)

That said, after carefully considering Plaintiff's arguments on this point, I am simply unable to reverse based on this tenuous claim. This is especially true when, to support her arguments, Plaintiff provides only those subjective allegations that were rightly rejected by the ALJ. (Doc. No. 4 at 8.)

Plaintiff also argues that the ALJ failed to consider the full extent of the record when evaluating Mosely's subjective statements regarding her bowel incontinence." (*Id.* at 13.) The ALJ analyzed Ms. Mosley's symptoms considering Social Security Ruling 16-3p, (Tr. 21), which closely tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). This seminal Eight Circuit case states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Ms. Mosley's subjective complaints. (Tr. 19-24.) In doing so, the ALJ concluded:

> I note the claimant alleged persistent pain at the site of her ileostomy reversal with resection and side by side anastomosis back in late 2014 (Exhibit 41F/404). The claimant reported since then she has not engaged in any treatment; however, she noted she continues to have pain at the site, as well as bowel incontinence. She reported she treats with mediation for the pain and incontinence, which does provide some relief, but she continues to have some pain and incontinence. The medical record shows limited medical treatment of her ileostomy reversal; however, she did receive conservative treatment for bowel symptoms, she treated with a high fiber diet and management for irritable bowel; however, the record shows no evidence of persistent or worsening symptoms with treatment.
>
> Considering the evidence of the claimant's improved symptoms with treatment, I find she maintains the ability to perform basic work [activities]. While it is clear that the claimant's severe impairments result in limitations of some work-related functions, I have accounted for said limitations by restricting the claimant to the light exertional level with some additional postural, and environmental restrictions. This modified light residual functional capacity addresses the claimant's history of obesity, spinal degeneration, bilateral patellofemoral disorder, status-post ileostomy with reversal, limited range of motion and pain in the lower extremities.

(Tr. 23-24.)

The ALJ's conclusions are supported by the objective medical evidence. As the Commissioner persuasively argues:

> To the contrary, the ALJ explicitly found: "She reported she treats with medication for the pain and incontinence, which does provide some relief, *but she continues to have some pain and incontinence*" (Tr. 23 (emphasis added)). Nonetheless, the ALJ reasonably found that her longstanding symptoms, though persistent, were adequately managed with the conservative measures of medication and a high fiber diet (Tr. 23-24, 45, 397, 402, 429). Substantial evidence—including the medical record, Plaintiff's daily activities, and the assessments of two state agency physicians—supports the ALJ's finding (as discussed above). The Court should decline Plaintiff's invitation to supplant the ALJ's role as finder of fact.

(Doc. No. 8 at 8-9.)

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Ms. Mosley's counsel has done an admirable job advocating for her rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 12th day of January 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE